## Estado Libre Asociado de Puerto Rico
## TRIBUNAL DE APELACIONES
## PANEL VIII

| | | |
|---|---|---|
| Benjamín Beachamp Ramos, Elizabeth Ávila Ayala y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Apelantes<br><br>vs.<br><br>Diversified and Services Inc., D/B/A Marbela Casa de Playa, p/c su presidente Agustín García Acevedo<br><br>Apelados | KLAN202500080 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil Núm.: IS2021CV00194<br><br>Sobre:<br><br>Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, el Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, el señor Benjamín Beachamp Ramos, la señora Elizabeth Ávila Ayala y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, matrimonio Beachamp-Ávila o apelantes), quienes presentan recurso de apelación en el que solicitan la revocación de la "Sentencia" emitida el 2 de enero de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante dicho dictamen, el foro primario declaró Ha Lugar la petición de sentencia sumaria presentada por Diversified and Services Inc. (en lo sucesivo, Diversified o apelado).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---
[1] Notificada el 3 de enero de 2025.

confirmamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

**I.**

El 14 de octubre de 2021, los apelantes presentaron una demanda sobre sentencia declaratoria contra Diversified. Alegaron que ambas partes suscribieron un contrato por medio del cual acordaron la compraventa de una propiedad por el precio cierto de $134,990.00. No obstante, adujeron que, el 13 de julio de 2021, el apelado les informó su intención de cancelar el aludido acuerdo, toda vez que no pudo culminar la construcción y entregar el inmueble dentro del término estipulado por las partes en el contrato. Solicitaron el cumplimiento específico del acuerdo, la prohibición de enajenar la propiedad, más el pago de $10,000.00 por concepto de honorarios de abogado.

El 28 de julio de 2022, Diversified presentó su "Contestación a la Demanda Enmendada" y negó varias alegaciones contenidas en la reclamación. Rechazó responsabilidad bajo la premisa de que el contrato se resolvió de conformidad con la cláusula 40 del acuerdo. Esgrimió que el COVID-19 es una situación de fuerza mayor que no pudo ser prevista por las partes, y que imposibilitó al vendedor para cumplir con los términos del contrato. En la alternativa, reclamó la aplicación de la doctrina del *rebus sic stantibus*.

Como parte del descubrimiento de prueba, el 27 de agosto de 2024, el apelado cursó un requerimiento de admisiones.[2] **Empero, los apelantes no contestaron el aludido requerimiento dentro del término de 20 días dispuesto en ley. Tampoco solicitaron prórroga para contestarlo antes que venciera el término.**

Como consecuencia de lo anterior, el 4 de octubre de 2024, Diversified presentó una "Moción Solicitando Sentencia Sumaria" y

---

[2] Véase, apéndice pág. 245.

peticionó la desestimación de la demanda, con perjuicio. Sostuvo que no existen hechos esenciales y pertinentes en controversia ya que, por no contestarse el requerimiento, estos fueron admitidos al amparo de la Regla 33 de Procedimiento Civil, *infra*.

Mediante "Orden" emitida el 7 de octubre de 2024,[3] el foro apelado concedió al matrimonio Beachamp-Ávila la oportunidad para expresar su postura.

El último día del término, o sea, el 24 de octubre de 2024, los apelantes presentaron una "Moción en Solicitud de Breve Prórroga", y peticionaron un plazo de cinco (5) días para oponerse a la solicitud de sentencia sumaria presentada por el apelado. **Nada expresaron sobre el requerimiento de admisiones**.

El 5 de noviembre de 2024,[4] el foro primario concedió la prórroga solicitada por el matrimonio Beachamp-Ávila. El término concedido se extendió hasta el 13 de noviembre de 2024, en virtud de la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1.

El mismo 13 de noviembre de 2024, los apelantes solicitaron una segunda prórroga.[5] En esta ocasión, suplicaron un término adicional de 24 horas para poder subir su escrito al SUMAC, ya que los anejos en apoyo a su moción excedían el tamaño máximo de carga. **Tampoco se alude al requerimiento de admisiones en este escrito**.

Evaluada su petición, el 14 de noviembre de 2024,[6] el foro *a quo* emitió "Orden" declarando No Ha Lugar la segunda prórroga. Concluyó que el fundamento aducido por los apelantes no es justa causa para prorrogar el término.[7]

---

[3] Notificada ese mismo día.

[4] Notificada en igual fecha.

[5] Véase, "Moción Solicitando Extensión de 24 Horas para subir Oposición a Sumaria"; apéndice pág. 342.

[6] Notificada ese mismo día.

[7] Aunque de la "Orden" no se desprende el fundamento para la denegatoria, el mismo se hace constar en el dictamen recurrido. Véase, "Sentencia" a la pág. 2; apéndice pág. 3.

Transcurrido en exceso el término concedido por el tribunal, el 14 de noviembre de 2024, el matrimonio Beachamp-Ávila radicó su "Moción en Oposición a Solicitud de Sentencia Sumaria". Allí expresó, **por primera ocasión**, que tenía la intención de solicitar prórroga para contestar el requerimiento de admisiones, pero que, inadvertidamente, lo obvió en la súplica de su moción. A base de esto, solicitó un término adicional para contestarlo, amparándose en la política pública de que los casos se ventilen en sus méritos. Con este motivo, **y después de 79 días desde que se le cursó el requerimiento**, los apelantes anejaron sus contestaciones a dicho requerimiento.

Al día siguiente, entiéndase, el 15 de noviembre del 2024,[8] el foro apelado emitió una "Orden" respecto al escrito en oposición presentado por el matrimonio Beachamp-Ávila, donde indicó "ver determinación de 14 de noviembre del 2024".[9]

Inconformes, el 29 de noviembre de 2024, los apelantes solicitaron reconsideración al amparo de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Insistieron en que el hecho de que los anejos no pudieron descargarse al sistema SUMAC es justa causa para la demora. Suplicaron que, con el beneficio de su oposición, se declare No Ha Lugar la solicitud de Diversified.

El apelado se opuso mediante escrito radicado el 2 de diciembre de 2024.[10] Enfatizó el incumplimiento por parte de los apelantes con los términos, y la falta de justificación válida que respaldara la concesión de las extensiones solicitadas.

Atendidas las posturas de ambas partes, el 2 de enero de 2025,[11] el Tribunal de Primera Instancia emitió "Sentencia" y declaró Ha Lugar la "Moción Solicitando Sentencia Sumaria"

---

[8] Notificada el 18 de noviembre de 2024.
[9] Véase, SUMAC entrada número 102.
[10] Véase, "Oposición a Solicitud de Reconsideración"; apéndice pág. 352.
[11] Notificada el 3 de enero de 2025.

presentada por Diversified. En cuanto al asunto procesal de la reconsideración, el Tribunal se reiteró en que la dificultad que tuvieron los apelantes con SUMAC no es una justa causa que permita prorrogar el término por segunda ocasión. Sobre este particular, dispuso que el matrimonio Beachamp-Ávila tuvo el doble del tiempo establecido por ley para contestar la moción presentada por los apelados y que, además, su abogado tenía que estar preparado para radicar dentro del término que él mismo solicitó. En atención a lo cual, determinó que la moción en oposición se presentó tardíamente y, consecuentemente, no debe considerarse. Por otro lado, razonó que, ante el incumplimiento reiterado y la negligencia inexcusable para con el procedimiento, los apelantes admitieron tácitamente los hechos vertidos en el requerimiento. En consideración a lo anterior, concluyó que la demanda debía desestimarse debido a que, acorde los hechos admitidos, había justa causa para la resolución del contrato en controversia.

Aún insatisfecho, el matrimonio Beachamp-Ávila recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores:

> *a. Erró el TPI al realizar admisiones tácitas renunciando a su discreción de aceptar las contestaciones al requerimiento de admisiones incluidas en la oposición a sumaria dentro de la totalidad de las circunstancias y evidencia en este caso provocando un fracaso de la justicia.*
>
> *b. Erró el TPI al resolver a favor de la Solicitud de Sentencia Sumaria al margen de la totalidad de los documentos que obran en autos los cuales derrotan la misma según debidamente fundamentado en la Oposición a Sentencia Sumaria.*
>
> *c. Erró el TPI al interpretar un contrato de adhesión a favor del desarrollador que preparó el mismo y al margen de las cláusulas del mismo.*

*d. Erró el TPI al determinar sin evidencia al respecto que el incumplimiento del desarrollador con el apelante fue por causa del COVID-19.*

**II.**

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, regula lo concerniente al requerimiento de admisiones. Se trata de un mecanismo por el cual una parte le requiere a otra parte que admita la veracidad de algún hecho, incluyendo aquellos que están en controversia. *Íd.* Su propósito es reducir el alcance de los asuntos disputados entre las partes y promover la agilización del proceso judicial. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997).

El requerimiento podrá notificarse al demandante luego de iniciado el pleito, sin la necesidad de obtener autorización del tribunal. Regla 33 (a) de Procedimiento Civil, *supra.* A cualquier otra parte deberá notificársele después de transcurridos 30 días desde su emplazamiento, salvo que esta inicie algún tipo de descubrimiento dentro del mencionado plazo. *Íd.*

Como norma general, la parte que recibe un requerimiento de admisiones cuenta con un término de 20 días para contestarlo, a computarse desde que se le notificó el requerimiento. *Íd.* De no presentarse una contestación en el tiempo estipulado, "[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas". *Íd.* Nuestra Alta Curia ha resuelto que dicha admisión se produce de manera automática, sin la necesidad de una orden judicial a tales efectos. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, a la pág. 573. La consecuencia de una admisión es eximir a la parte adversa de tener que presentar prueba en el juicio del hecho admitido. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007).

El Tribunal tiene la facultad de establecer un término distinto para que la parte a quien se le notifique el requerimiento

presente su contestación. Regla 33 (a) de Procedimiento Civil, *supra*. Salvo que el Tribunal disponga un plazo menor, una parte demandada no está obligada a notificar sus contestaciones u objeciones antes de transcurridos 20 días desde que se le entregó copia de la demanda y el emplazamiento. *Íd.*

A modo de excepción, la parte que recibe un requerimiento de admisiones no está obligada a responder dentro del plazo de 20 días, o del término concedido por el tribunal, cuando notifique a la requirente una objeción escrita sobre la materia en cuestión. *Íd.* Es importante destacar que, en caso de objeción, esta debe incluir las razones que impiden a la parte admitir o negar lo requerido. *Íd.* Asimismo, si solo una parte del requerimiento es cierta, será necesario especificar la porción que se admite y negar el resto. *Íd.* La falta de información o conocimiento no constituye una justificación válida para negarse a contestar, salvo que la parte a la que se le notifica el requerimiento demuestre haber realizado las diligencias necesarias para obtener dicha información y que la información obtenida resulta insuficiente para admitir o negar lo solicitado. *Íd.* En otras palabras, la parte requerida tiene un deber afirmativo de responder y llevar a cabo las gestiones necesarias para obtener la información que le permita admitir o negar el requerimiento.

Por otro lado, la parte que requiere las admisiones puede impugnar la suficiencia de las contestaciones u objeciones. *Íd.* En tales circunstancias, el tribunal ordenará que se conteste lo requerido, salvo que determine que la objeción está debidamente justificada. *Íd.* Además, si una contestación incumple con los requisitos dispuestos en la Regla 33 de Procedimiento Civil, *supra*, el tribunal puede hacer tres cosas: (1) considerar el hecho como admitido, (2) exigir que se presente una contestación enmendada, o (3) disponer finalmente del requerimiento en la conferencia con

antelación al juicio o en una fecha designada antes del inicio del juicio. *Íd.*

Conforme a la propia regla, una admisión se considerará definitiva, salvo que el tribunal, previa moción a esos efectos, autorice su retiro o enmienda. Regla 33 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 33(b). En ese sentido, "[e]l tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa". *Íd.*

Nuestro Alto Foro ha resuelto que las disposiciones de la Regla 33 de Procedimiento Civil, *supra*, tienen carácter mandatorio y no meramente directivo, lo que exige un cumplimiento sustancial de los requisitos que dispone. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, a las págs. 574-575. No obstante, ello no implica que el tribunal deba sujetarse estrictamente a los aspectos técnicos de la norma cuando su aplicación pueda suprimir la verdad o menoscabar los intereses de la justicia. *Íd.*, a la pág. 575. Es decir, los tribunales debemos interpretar esta disposición de manera flexible, favoreciendo que el conflicto se dilucide en sus méritos. *Íd.* a las págs. 573-574.

En línea con lo anterior, se debe actuar con especial cautela en aquellos casos en que una parte incurra en una admisión tácita por no contestar el requerimiento dentro del término dispuesto para ello. *Íd.*, a la pág. 574. Por ende, en la administración de esta medida, el tribunal debe considerar el retiro o enmienda de la admisión, y si ello afectará adversamente la reclamación o defensa de la parte que obtuvo la admisión. *Íd.*, a la pág. 580.

**-B-**

El requerimiento de admisiones "puede utilizarse como base para la presentación de una moción para solicitar sentencia

sumaria". *Íd.*, a la pág. 573. La sentencia sumaria constituye el mecanismo procesal adecuado para resolver de manera justa, rápida y económica aquellos pleitos que no contienen controversias genuinas sobre hechos esenciales y, por tanto, resulta innecesaria la celebración de un juicio. *BPPR v. Zorrilla Posada et al.*, 2024 TSPR 62. De este modo, el Tribunal solo podrá dictar sentencia sumariamente si la parte promovente demuestra "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". Reglas 36.1 y 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.2. Un hecho esencial y pertinente es aquel que puede "alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable". *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47.

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), dispone que la solicitud de sentencia sumaria deberá contener lo siguiente:

> *(1) Una exposición breve de las alegaciones de las partes;*
>
> *(2) los asuntos litigiosos o en controversia;*
>
> *(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
>
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
>
> *(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
>
> *(6) el remedio que debe ser concedido*

Por otro lado, la parte que se opone a que se resuelva el pleito por la vía sumaria deberá presentar su contestación dentro del término de 20 días desde que le fue notificada la moción. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si no

contesta dentro de este término, la solicitud quedará sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e).

Además, quien se opone deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). En otras palabras, deberá: (1) refutar los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia; y (2) hacer referencia a la evidencia sustancial donde se establecen los mismos. Regla 36.3(b) de Procedimiento Civil, *supra*. Así, no podrá descansar únicamente en sus alegaciones, sino que tiene que demostrar que, en efecto, posee prueba para sustanciar sus alegaciones. *BPPR v. Zorrilla Posada et al.*, *supra*, citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 328 (2013).

Ahora bien, el hecho de que la parte opositora no se presente prueba para controvertir la evidencia presentada por el promovente no supone la concesión automática de una moción de sentencia sumaria. *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 337 (2021). El Tribunal puede denegar la solicitud si en verdad existe una controversia sustancial sobre hechos esenciales y materiales. *Íd.* Asimismo, el juzgador deberá considerar que, al evaluar la moción de sentencia sumaria, toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone. *Birriel Colón v. Econo y otro*, 2023 TSPR 120.

No se dictará sentencia sumaria cuando: (1) existen hechos esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no se han refutado; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho esencial y pertinente; o (4) como cuestión de derecho no procede. *Serrano Picón v. Multinational Life Ins.*, 212

DPR 981, 992 (2023). Tampoco es aconsejable dictar sentencia sumaria en pleitos donde existe controversia sobre asuntos de credibilidad, o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Cruz, López v. Casa Bella y otros, supra.*

En cuanto al alcance de la revisión judicial, nuestro Máximo Foro ha reiterado que los tribunales apelativos estamos en igual posición que el foro primario al revisar solicitudes de sentencia sumaria. *BPPR v. Zorrilla Posada et al., supra.* Es decir, como parte de nuestra función revisora, este foro apelativo deberá hacer una evaluación *de novo* para determinar si existe o no controversia sustancial o real en cuanto a algún hecho material. *Íd.* Empero, estamos limitados a: (1) considerar los documentos que se presentaron ante el foro primario; (2) determinar si existe o no controversia genuina de hechos esenciales y pertinentes, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros, supra.* Esto implica que, en apelación, las partes no pueden esbozar nuevas teorías ni añadir prueba que no se presentó ante el tribunal de instancia. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023).

En fin, al revisar una sentencia sumaria dictada por el foro primario este tribunal apelativo debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo*

*si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018).

**III.**

Según explicamos, el Tribunal de Primera Instancia declaró Ha Lugar la solicitud de sentencia sumaria presentada por Diversified. Esencialmente, fundamentó su dictamen en las admisiones tácitas de los apelados, quienes no contestaron un requerimiento de admisiones dentro del término provisto en ley para ello. Asimismo, el foro primario se negó a considerar la oposición radicada por los apelados, toda vez que estos se opusieron tardíamente.

En su escrito, el matrimonio Beachamp-Ávila sostiene que existen hechos en controversia que impedían que el caso fuese resuelto sumariamente. Su contención es que en el expediente obra evidencia que contrasta con las admisiones tácitas que el tribunal adoptó en sus determinaciones de hecho. Por otro lado, se ampara en la doctrina y jurisprudencia interpretativa sobre el contrato de adhesión, e insiste en que en este caso no es de aplicación la doctrina del *rebus sic stantibus.*

Tras un análisis de los hechos y el derecho aplicable, concluimos que ninguno de los señalamientos de error fue cometido. Por lo tanto, procede la confirmación del dictamen apelado.

Según ya explicamos, el **27 de agosto de 2024**, Diversified envió a los apelantes un requerimiento de admisiones. Por lo que, conforme la Regla 33 de Procedimiento Civil, *supra,* estos tenían hasta el **16 de septiembre de 2024** para contestarlo. No obstante lo anterior, el matrimonio Beachamp-Ávila no contestó el aludido requerimiento dentro del término de 20 días dispuesto en ley, y tampoco solicitó prórroga para presentar sus respuestas. No fue hasta el **14 de noviembre de 2024**, o sea, **59 días** después de

vencido el término hábil, que los apelantes, **por primera vez y mediante la presentación de un escrito tardío**, solicitaron una prórroga para contestar el requerimiento de admisiones.

Conforme el marco legal aplicable, la parte que recibe un requerimiento de admisiones tiene 20 días para contestarlo, a contarse desde que se le notificó el requerimiento. De no hacerlo dentro de este plazo, se considerarán admitidos todos los asuntos sobre los cuales se solicitó la admisión. Dicha admisión ocurre de forma automática y definitiva, eximiendo a la parte adversa de la necesidad de presentar prueba en el juicio respecto a los hechos admitidos.

Nuestra jurisprudencia ha reconocido que, en estos casos, los aspectos técnicos no deben prevalecer sobre la verdad o los intereses de la justicia. De este modo, es necesario actuar con especial cautela cuando se produce una admisión tácita, puesto que la política pública favorece la resolución del pleito en sus méritos. Sin embargo, lo anterior no es óbice para obviar que nuestro Máximo Foro ha resuelto que los requisitos de la Regla 33 de Procedimiento Civil, *supra*, exigen un cumplimiento sustancial. Tampoco podemos ignorar el hecho de que el tribunal goza de discreción al momento de evaluar el retiro o enmienda de una admisión. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra*, a las págs. 573-575.

En el presente caso, **los apelantes tenían un deber afirmativo de responder el requerimiento dentro del término de 20 días dispuesto por ley. No obstante, no contestaron en este plazo y tampoco presentaron objeción alguna. Después de 59 días de vencido el plazo, es que el matrimonio Beachamp-Ávila suplica al Tribunal que acepte las contestaciones al requerimiento de admisiones, toda vez que, <u>por inadvertencia</u>, olvidó hacerlo antes.**

Coincidimos con el Tribunal de Primera Instancia a los efectos de que **la falta de diligencia no equivale a justa causa**. Los apelantes alegan que, en una moción radicada el 11 de octubre del 2024,[12] por error o inadvertencia, omitieron solicitar prórroga para responder al requerimiento de admisiones. En primer lugar, **para esa fecha, ya el término de 20 días para contestar había transcurrido, pues, como mencionamos, este expiró el 16 de septiembre de 2024**. En segundo lugar, después de presentada la moción del 11 de octubre del 2024, los apelantes solicitaron **en dos ocasiones**, prórroga para oponerse a la solicitud de sentencia sumaria radicada por el apelado. **Empero, en ninguna de estas solicitudes se hizo referencia al requerimiento de admisiones**. En tercer lugar, **más allá de la inadvertencia de los apelantes, del expediente no surge ninguna otra razón que constituya justa causa para extender el término dispuesto en la Regla 33 de Procedimiento Civil,** *supra*.[13] Recordemos que la discreción judicial no opera en el vacío, y que su ejercicio debe estar fundamentado en criterios de razonabilidad. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023).

Por consiguiente, concluimos que el foro primario ejerció su discreción dentro del marco legal aplicable, sin incurrir en arbitrariedad ni abuso que justifique nuestra intervención. El foro apelado actuó conforme a derecho y en estricta observancia del texto claro de la Regla 33 de Procedimiento Civil, *supra.* En vista de ello, actuó correctamente el foro *a quo* al adoptar las admisiones tácitas de los apelantes, y al ejercer su discreción para rechazar las contestaciones al requerimiento de admisiones.

Tomando en cuenta las admisiones tácitas de los apelantes, el Tribunal de Primera Instancia desestimó la reclamación por la

---

[12] En este escrito se solicitó el re-señalamiento de una vista.

[13] Por lo que, a nuestro juicio, no existía justa causa para conceder, en virtud de moción presentada después de haber expirado el plazo especificado, la prórroga solicitada. Véase, Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2.

vía sumaria. Sin embargo, los apelantes insisten en que existen hechos en controversia que impedían que el caso fuese resuelto sumariamente. Afirman que en el expediente obra evidencia que contrasta con las admisiones tácitas que el tribunal adoptó en sus determinaciones de hecho.

Tratándose de una sentencia dictada al amparo de la Regla 36 de Procedimiento Civil, *supra*, y por ser nuestra revisión *de novo*, nos compete determinar, de manera inicial, si las partes cumplieron con los requisitos necesarios que dimanan de la regla procesal antes mencionada. Examinados sus escritos, juzgamos que estamos habilitados para atender propiamente los errores señalados en el recurso de apelación, puesto que ambos cumplen con los requisitos recabados por la Regla 36.3 de Procedimiento Civil, *supra*. Dicho esto, procedemos entonces a evaluar si existen controversias sobre hechos materiales que impiden la disposición sumaria del caso ante nos.

Como ya indicamos, los apelantes presentaron su oposición luego de vencida la prórroga concedida por el tribunal, por lo que su escrito no se consideró por tardío. Surge de los hechos que la prórroga concedida venció el **13 de noviembre de 2024** y que, aunque los apelantes solicitaron una segunda prórroga, el Tribunal no la concedió por entender que no se presentó justa causa para ello. Aun así, los apelantes radicaron su oposición el **14 de noviembre de 2024**, o sea, 1 día después de vencida la prórroga. Este hecho no está en disputa.

Como se sabe, la discreción judicial es el juicio apoyado en la razonabilidad y justicia; no es función al antojo o voluntad de una parte. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018). En ese sentido, este foro apelativo intermedio no intervendrá con las determinaciones interlocutorias discrecionales procesales de un

tribunal sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78–79 (2001).

**Consideramos que la denegatoria de la segunda prórroga fue razonable** por dos razones: (1) el hecho de que los anejos de la moción excedían el tamaño máximo de carga del SUMAC no es causa justificada para conceder una segunda prórroga, y (2) el término original para presentar la oposición venció el 24 de octubre de 2024, lo que significa que los apelantes contaron con un total de 40 días para radicar su oposición, es decir, el doble del tiempo establecido por las reglas para dicho trámite. Por ende, no intervendremos con esta determinación.

En ese sentido, el Tribunal de Primera Instancia tenía ante su consideración: (1) unas admisiones tácitas que, según nuestra jurisprudencia, sirven de base para una solicitud de sentencia sumaria, y (2) un escrito en oposición a la sumaria que se radicó fuera de término y que, consecuentemente, no fue considerado. Ante este cuadro, el foro *a quo* dictaminó que, por no existir controversias sobre hechos esenciales, este caso podía resolverse sumariamente. Razonó que, de acuerdo los hechos aceptados por el tribunal y admitidos por los apelantes, se activó la cláusula 40 del contrato al suscitarse la pandemia del COVID-19. En atención a lo cual, concluyó que Diversified tenía justa causa para resolver el contrato en cuestión. Coincidimos con este proceder.

De entrada, debemos mencionar que el foro apelado no dio por admitidas todas las cuestiones sobre las cuales se solicitó una admisión, por entender que no cumplían con el propósito del requerimiento de admisiones. No obstante, y en lo pertinente, dio por admitido los siguientes hechos:

[...]

*3. No es un hecho en controversia, por ser admitido que, **el contrato entre DSS y los demandantes permite***

*la resolución de este, en caso de un evento de fuerza mayor.*

*4. No está en controversia, por ser un hecho admitido que, **la pandemia del COVID19 fue un evento de fuerza mayor**.*

*5. No está en controversia, por ser admitido que, **DSS resolvió el contrato con los demandantes debido a los efectos de la pandemia del COVID-19**.*

*6. No está en controversia por haber sido admitido, que **el contrato entre DSS y los demandantes, contiene una cláusula que permite su resolución por eventos de fuerza mayor**, específicamente bajo los incisos (d) y (h) de la cláusula número 40.*

*7. No está en controversia por haber sido admitido, **la pandemia del COVID-19 no era un evento previsible al momento de la firma del contrato entre DSS y los demandantes**.*

*8. Es un hecho admitido, y por lo tanto no está en controversia que, los efectos de la pandemia de COVID-19 sobre el proyecto Mar-bela Casa de Playa, no eran previsibles al momento de la firma del contrato entre DSS y los demandantes.*

*9. No existe controversia por ser admitido que, **la resolución del contrato entre DSS y los demandantes, debido a la pandemia del COVID-19 está en conformidad con la cláusula número 40 del contrato**.*

[...] (Énfasis nuestro).

No está en controversia que los términos del contrato son claros y que las partes acordaron que el vendedor, en este caso el apelado, podía resolver el contrato cuando, entre otras instancias, le resultara imposible cumplir con sus términos debido a "fuerza mayor, Acto de Dios o caso fortuito".[14] **Tampoco es un hecho controvertido que los apelantes admitieron tácitamente que la pandemia del COVID-19 constituye un evento de fuerza mayor, y que el apelado resolvió el contrato debido a los efectos de la misma**. Estos hechos son suficientes para concluir que el contrato en cuestión se resolvió conforme sus propios términos, lo que también fue admitido tácitamente por los apelantes.

---

[14] Véase, cláusula 40 (h) del "Contrato de Compraventa Propiedad Horizontal" a la pág. 8; apéndice pág. 275.

La contención del matrimonio Beachamp-Ávila es que no se consideró el resto de la evidencia que obra en el expediente, incluyendo una deposición que, según afirma, contradice las alegaciones del apelado. No nos convence. **Dicha deposición es uno de los anejos que acompañan el escrito en oposición presentado tardíamente por los apelantes y que, como ya se señaló, no fue considerado por el Tribunal. Aun así, estimamos que la mera declaración del presidente de Diversified, en la que indica que en el ámbito de la construcción pueden surgir imprevistos que provoquen escasez de mano de obra o un aumento en los costos de materiales, es insuficiente para establecer la existencia de una controversia esencial que impida resolver este caso sumariamente. Máxime, cuando los apelantes admitieron que la pandemia del COVID-19 no era previsible al momento de la firma del contrato.**

Ante la realidad de que la controversia en este caso gira en torno a si existe o no justa causa para resolver el contrato, dictaminamos que los hechos esenciales y materiales están incontrovertidos, y que el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Por ende, procede la confirmación de la sentencia apelada.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formas parte de este dictamen, confirmamos el dictamen apelado emitido por el Tribunal de Primera Instancia, Sala de Aguadilla.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| BENJAMÍN BEACHAMP RAMOS, ELIZABETH ÁVILA AYALA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br>Apelantes<br><br>*v.*<br><br>DIVERSIFIED AND SERVICES INC., D/B/A MARBELA CASA DE PLAYA, P/C SU PRESIDENTE AGUSTÍN GARCÍA ACEVEDO<br>Apelados | KLAN202500080 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil Núm. IS2021CV00194<br><br>Sobre:<br><br>Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

## VOTO DISIDENTE DEL JUEZ NERY E. ADAMES SOTO

Puesto que ante una moción de sentencia sumaria estamos en idéntica posición que el foro apelado para su consideración, es decir, nuestra intervención acontece *de novo*, luego de examinar la petición de sentencia sumaria instada por la parte apelada de epígrafe, prestando especial atención a los hechos que allí se propusieron como incontrovertidos, junto a la prueba documental que se acompañó para sostenerlos, estimo que no resultaban suficientes en derecho para establecer el hecho medular de que fue la pandemia del COVID-19 la que le impidió al vendedor cumplir con su obligación para el comprador, aquí parte apelante. En específico, la ausencia de datos sobre el proceso de construcción, las etapas y fechas en qué fue realizada, me impiden tener un cuadro claro sobre la verdadera causa del incumplimiento. No estoy aseverando que la referida pandemia hubiese podido ser un factor o el factor determinante en ello, pero la evidencia documental con la que

contamos es parca al respecto, y no permite descartar una posible falta de diligencia del constructor o retrasos por otras consideraciones.

Advierto que, al afirmar lo anterior, en modo alguno estoy siquiera sugiriendo que intervino abuso de discreción del foro apelado al admitir el requerimiento de admisiones cursado por el apelado al apelante. Tal como concluyeron mis respetados compañeros de Panel, coincido con ellos en que cabía admitir tal requerimiento. Sin embargo, aun partiendo de la admisión de tales requerimientos, cabía reputarlos como generales, cuyo contenido era más bien conclusorios, faltos de hechos precisos que sirvieran para establecer la alegada intervención de la pandemia como la causa del incumplimiento contractual por parte del apelado, que, de paso, a todas luces salió muy beneficiado en ello.

Por las razones expuestas, muy respetuosamente disiento.

En San Juan, Puerto Rico, a 28 de febrero de 2025.


Nery Enoc Adames Soto
Juez de Apelaciones